831 F.2d 295
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William B. IRVIN, Jr., Plaintiff-Appellant,
v.
AIRCO CARBIDE and Airco, Inc., Defendants-Appellees.
 No. 86-6228.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1987.
 
 Before NATHANIEL R. JONES, WELLFORD and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant William B. Irvin, Jr., appeals from an order granting summary judgment to Airco Carbide (Airco) in Irvin's employment discrimination action based on charges of violations of 42 U.S.C. section 1981 (1981), 42 U.S.C. section 2000e (1981), and the Kentucky Civil Rights Act, Ky.Rev.Stat. Sec. 344.040 (1983). The basis for these claims is Irvin's contention that he was demoted from his manager position because of his race and in retaliation for filing an earlier grievance with the EEOC.
 
 I. BACKGROUND
 
 2
 Irvin was hired by Airco Carbide in 1965 as a laborer, and rose in rank until, by July 1, 1977, he was promoted to manager of the pack department. Irvin was the only minority to hold a position at this level. From 1978 until sometime in 1980 Irvin performed well as manager of his department, and received "very good" performance evaluations and pay raises during this time. By October 1980, however, Airco claims that Irvin's performance began to deteriorate. According to the company's assertions, Irvin's department had housekeeping problems which lead to injuries to the employees working there. Irvin himself began missing work, frequently without telling his appropriate superior, and was unavailable for making decisions concerning his department. Airco further claims that the product shipped out from Irvin's department was the source of increased customer complaints.
 
 
 3
 As a result of these problems, Airco created a new managerial position in Irvin's department and appointed Nick Kaiser, a subordinate to Irvin, to the position. As a result, Irvin reported to Kaiser. Irvin then filed a complaint with the EEOC based on this action on July 29, 1981. Following receipt of a Right to Sue notice from that agency on May 10, 1982, Irvin filed a Title VII action, but this suit is no longer pending, and there was no favorable disposition for appellant.
 
 
 4
 Irvin was diagnosed as having diabetes during this time and was hospitalized. When he first reported back to work in June 1981 Airco noticed that he was again working with his former efficiency. By August of that year, Nick Kaiser was removed as Irvin's supervisor and Irvin was put back in control of the department.
 
 
 5
 Airco states that Irvin again became the source of problems and complaints beginning in January 1982. In January there was an injury accident in Irvin's department caused, Airco says, by poor maintenance. Irvin again began missing work and neglecting his duties until in April he was directed to get his department in shape within thirty days. Because no improvement was made, Airco claims it was compelled to demote Irvin in May, 1982.
 
 
 6
 Irvin takes issue with these assertions and claims that his performance was on par with other supervisors at Airco. He states that while he is unaware of how many days he missed, he believes they were not significantly greater than days missed by other supervisors. He also denies that the accidents or the customer complaints came as a result of any fault on his part. He claims instead that his demotion resulted from Airco's racial discrimination against him as well as its desire to retaliate against him for filing a Title VII action in May 1982.
 
 
 7
 Irvin filed this complaint in federal district court on November 10, 1983. On June 5, 1986 Irvin was granted leave to amend his complaint to add additional counts, based on the Kentucky Civil Rights Act, and 42 U.S.C. Sec. 1981 (1981). He also requested a trial by jury, which was refused by the court because the jury demand was not timely made.
 
 II. DISCRIMINATORY DEMOTION
 
 8
 The district court found that Irvin had set out a prima facie case, but failed to show that Airco's asserted legitimate justification for its actions was a pretext for discrimination. In order to make out a case under Title VII[1] a claimant must show that he is a minority or of the class to be benefited, that he is qualified for his position, and that he was demoted or replaced with someone because of his race or classification under the Act. The defendant employer must then articulate a nondiscriminatory reason for its action. The claimant must then show this articulated reason to be pretextual in order to carry his burden of proof. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981). To show that a reason given for the employer's action is unjustified or is a pretext for discrimination, a claimant may show that a discriminatory motive more likely motivated the employer, or that the reasons given are unworthy of belief. Burdine, 450 U.S. at 256.
 
 
 9
 The district court ruled that Irvin failed to discredit Airco's legitimate reasons for demoting him. Airco's reasons for demoting Irvin were spelled out in the proof offered by Airco. We find no error in the district court's conclusion that Irvin's affidavits amount to nothing more than a denial of the proof submitted by Airco without setting forth the basis for such a blanket denial. In them he denies without further substantiation that his department was dirty, that he was frequently absent from work, or that he did anything wrong by not submitting his workers' vacation requests before he himself went on vacation, or that he had a duty to make himself available for telephone calls while not at work. Disputation of the facts underlying Airco's legitimate business reason for demoting Irvin is not sufficient to carry appellant's burden. White v. Vathally, 732 F.2d 1037 (1st Cir.), cert. denied, 469 U.S. 933 (1984) (casting doubt on defendant's legitimate reasons for action does not satisfy burden of proof). Irvin has not brought forth proof to show that racial considerations motivated the challenged action, but claims only by a blanket denial that the employer's articulated reasons for properly demoting him were incorrect. This is not enough; a plaintiff must take the extra step of presenting evidence to show that the reasons given are an attempt to cover up the employer's alleged real discriminatory motive. Irvin has simply not done this in this case with respect to his claim of discriminatory demotion.
 
 
 10
 When there are no material issues of fact to be determined, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505 (1986). Because the facts raised by Irvin do not reach the level of proof envisioned by Burdine, and for the reasons stated, the district court's grant of summary judgment on the racial discrimination counts is AFFIRMED.
 
 III. JURY DEMAND
 
 11
 Irvin claims that the district court erred when it refused to grant him a trial by jury when he added claims for relief under Ky.Rev.Stat. Sec. 344.040 (1983) and 42 U.S.C. Sec. 1981 (1981). The record shows, however, that Irvin did not ask for a trial by jury in his original complaint. The request for a jury was not made until June 5, 1986, several years later when Irvin added the two additional legal claims for relief. This amendment introduced essentially no new facts to the case. This request was denied by the district court on July 16, 1986.
 
 
 12
 Fed.R.Civ.P. 38(b) requires that a jury demand be made within ten days after service of pleadings raising an issue triable by a jury. Failure to demand in time may result in waiver. Fed.R.Civ.P. 38(d). The fact that an amended complaint was later filed is of no consequence when no new issues or facts are introduced. Las Vegas Sun, Inc. v. Summa Corp., 610 F.2d 614 (9th Cir.), cert. denied, 447 U.S. 906 (1980); Guajardo v. Estelle, 580 F.2d 748 (5th Cir.1978); Olund v. Swarthout, 459 F.2d 999 (6th Cir.), cert. denied, 409 U.S. 1008 (1972), reh. den. 409 U.S. 1119 (1973).
 
 
 13
 Because Irvin failed to demand a trial by jury in a timely manner, he was deemed to have waived it, and the district court was acting within its proper discretion in denying this request. The district court's decision is AFFIRMED on this issue as well.
 
 IV. RETALIATION
 
 14
 Irvin finally asserts that he was demoted in retaliation for his first Title VII action, filed in the same month he was demoted in May, 1982.
 
 
 15
 The prima facie case to be set out by a plaintiff presenting a retaliation claim is that he must show "(1) that he engaged in activity protected by Title VII; (2) that he was the subject of adverse employment action; and (3) that there exists a causal link between his protected activity and the adverse action of his employer." Jackson v. RKO Bottlers of Toledo, Inc., 743 F.2d 370, 375 (6th Cir.1984). If this is done, the employer may articulate a legitimate reason for its action, and this in turn must be shown by the plaintiff to be pretext. Burdine, supra.
 
 
 16
 The district court failed to deal with this issue adequately and its decision does not indicate separate consideration of this claim. Besides merely acknowledging that plaintiff raised the claim, the district court's memorandum did not discuss retaliation. In order to provide Irvin a full opportunity to present each issue raised of claimed race discrimination, McDonnell Douglas Corporation v. Green, 411 US. 792 (1973), we accordingly remand this issue for further consideration by the district court.
 
 
 17
 For the reasons set out above, the district court's disposition of the racial discrimination and jury demand issues are AFFIRMED and the retaliation claim is hereby REMANDED.
 
 
 
 [1]
 The cases construing Title VII are applicable in determining discrimination under the Kentucky Civil Rights statute, Ky.Rev.Stat. Sec. 344.040 (1983). See Kentucky Com. on Human Rights v. Commonwealth, Dept. of Justice, 586 S.W.2d 270 (Ky.App 1978)