871 F.2d 1089
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmie L. STEWART, Plaintiff-Appellant,
v.
SIMPSON COUNTY BOARD OF EDUCATION, Defendant-Appellee.
 No. 88-5957.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1989.
 
 1
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and GEORGE C. SMITH, District Judge.*
 
 ORDER
 
 2
 Stewart, a pro se Kentucky resident, appeals the district court's dismissal of his employment discrimination suit filed pursuant to Title VI, 42 U.S.C. Sec. 2000-d et. seq., and Title VII, 42 U.S.C. Sec. 2000-e et. seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Stewart, a black man, was a classroom teacher with defendant school district for seventeen years. He applied for and was denied the administrative position of Director of Pupil Personnel and Public Relations; and was ultimately fired after an administrative hearing where he was found guilty of inefficiency, incompetence and neglect of duty. Stewart alleged that these actions were racially motivated and that he was the victim of a pattern and practice of racial discrimination. Stewart's dismissal was upheld by the Simpson County Circuit Court which found that defendant's reasons for dismissal were supported by substantial evidence. Subsequent appeals to the Kentucky appellate courts were dismissed on procedural grounds. Stewart also sought review by the Office of Civil Rights of the Department of Education and the Equal Employment Opportunity Commission (EEOC), both of which found no racial discrimination by the defendant.
 
 
 4
 After receiving his right to sue letter from the EEOC, Stewart filed the instant action seeking reinstatement to his former position and/or appointment to an administrative position. Stewart also requested that the findings of the EEOC be reversed and set aside. The defendant filed a motion for summary judgment offering nondiscriminatory reasons for its actions, and arguing that res judicata barred relitigation of the claims. Stewart filed a response basically arguing that defendant engaged in discriminatory hiring practices. The district granted defendant's motion finding that it lacked jurisdiction over a private cause of action under Title VI. The court also dismissed the Title VII claim finding that Stewart had not offered any additional evidence refuting the findings of the Simpson County Circuit Court.
 
 
 5
 Upon review, we affirm the district court's dismissal. The court properly granted summary judgment as to the Title VI claim. Title VI does not provide a judicial remedy for employment discrimination unless providing employment is a primary objective of the federal aid; or unless that discrimination in employment necessarily causes discrimination against the primary beneficiaries of the federal aid. See 42 U.S.C. Sec. 2000d-3; Trageser v. Libbie Rehabilitation Center, Inc., 590 F.2d 87, 89 (4th Cir.1978), cert. denied, 442 U.S. 947 (1979). We conclude the district court properly dismissed the Title VI claim because plaintiff failed to allege the elements necessary to support a private cause of action under Title VI.
 
 
 6
 We further conclude that the district court properly dismissed the Title VII claim. In order to make out a prima facie case under Title VII, plaintiff must show that he is a minority or of a class to be benefited; that he is qualified for the position, and that he was demoted or replaced with someone because of his race or classification under the Act. The defendant employer must then articulate a nondiscriminatory reason for its action. Plaintiff must then show that this articulated reason is pretextual in order to carry his burden of proof. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253-56 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).
 
 
 7
 In this case, Stewart did not sustain his burden of showing that the nondiscriminatory reasons offered by the defendant were merely pretextual. Defendant, in its motion for summary judgment, stated that Stewart was not promoted and was ultimately fired because of inefficiency, incompetency and neglect of duty. The defendant supported its finding by citing specific instances of misfeasance in regard to Stewart's classroom performance. Stewart, in his response, did not rebut or discredit these legitimate reasons; instead, Stewart argued that defendant had not complied with Title VI and requested that the defendant be investigated for discriminatory hiring practices. Essentially, Stewart sought to deny the charges of incompetence by arguing that defendant is prejudiced against blacks. We conclude that Stewart failed to show a genuine issue of fact for trial because casting doubt on the legitimate reasons given by the defendant was insufficient to show an attempt by the defendant to cover up its real discriminatory motive. See Irvin v. Airco Carbide & Airco, Inc., 837 F.2d 724, 726 (6th Cir.1987); Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir.1986).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George C. Smith, U.S. District Judge for the Southern District of Ohio, sitting by designation