Helen A. PETERSON, Plaintiff,

v.

KING TREE CENTER, INC., Defendant.

No. C–3–87–114.

United States District Court,
S.D. Ohio, W.D.

May 25, 1989.

Roy M. Kaufman, Cleveland, Ohio, for plaintiff.

David A. Schaefer, Maynard A. Buck, Cleveland, Ohio, for defendant.

RICE, District Judge.

The Motion of the Defendant herein, seeking an Order of the Court granting summary judgment in its favor and against the Plaintiff (Doc. # 20), is deemed by this Court to be well taken and same is, therefore, sustained in its entirety. Judgment will be ordered entered in favor of the Defendant and against the Plaintiff herein.

In ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. Plaintiff has filed suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging both a racially discriminatory discharge from employment (Doc. # 13, ¶ 14) and that said discharge was, in addition, in retaliation for her having previously filed a claim with the EEOC alleging discrimination with regard

to wages (later withdrawn) (Doc. # 13, ¶ 16). In addition, Plaintiff has filed suit under 42 U.S.C. § 1981 alleging disparate treatment *vis a vis* similarly situated white employees (Doc. # 13, ¶¶ 17–19).

2. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of establishing "the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in the original). Summary judgment will be awarded "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury [or court as factfinder] could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252, 106 S.Ct. at 2512.

Title VII prohibits employment discrimination against an individual on the basis of race. 42 U.S.C. § 2000e–2(a). While Plaintiff

bears the burden of pursuasion on the issue of ultimate discriminatory intent, ... the burden of production shifts: The

Plaintiff bears the initial burden of establishing a *prima facie* case of discrimination.... Once the Plaintiff establishes a prima *facie* case, the burden shifts to the defendant "to articulate some legitimate non-discriminatory reason" for the adverse employment action.... If the Defendant successfully presents a legitimate, non-discriminatory reason for its action, the Plaintiff must prove that the reasons proffered by the Defendant were a mere pretext for discrimination.... Plaintiff's burden of showing pretext "merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination."

*Daniels v. Bd. of Educ. of Ravenna City School*, 805 F.2d 203, 207 (6th Cir.1986) (*quoting Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) and *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

42 U.S.C. § 1981 also offers protection against racial discrimination in employment. As under Title VII, Plaintiff is required to prove purposeful discrimination in order to prevail, and the order and allocation of proof under Title VII may be used in adjudicating a claim of racial discrimination in employment under § 1981. *Daniels* at 207.

3. Plaintiff has met her initial burden to set forth a *prima facie* case of race discrimination under Title VII, insofar as her claim of discriminatory discharge is concerned (she is a member of a racial minority, she has evidence to support her claim that she was qualified for her position, she was subject to an adverse employment action, and her duties although not her title were assumed by a white employee; *see Irvin v. Airco Carbide*, 837 F.2d 724, 726 (6th Cir.1987)) and insofar as her claim of retaliation for her having filed a previous EEOC charge is concerned (she is a member of a racial minority, she has evidence to support her claim that she was qualified for the position in which she was employed, she filed a claim with the EEOC

alleging discrimination in terms of wages and she was subject to an adverse employment action following her employer's learning of said claim, from which it is possible to infer a causal link; *see Jackson v. Pepsi–Cola Bottling Co.*, 783 F.2d 50, 54 (6th Cir.1986)).

■ The Defendant has met its burden to counter Plaintiff's *prima facie* case by articulating a legitimate, non-discriminatory reason for the employment action which impacted upon the Plaintiff, to wit: the previous and upcoming state inspections which put the Defendant's state license in jeopardy, the urgency in resolving immediately any deficiencies remaining after the first state inspection, and the unrebutted inadequacies in the Plaintiff's Medical Records Department which remained uncorrected after an in-house corporate follow-up inspection (Doc. # 20, p. 4).

■ In response, the Plaintiff has failed to discharge her burden to demonstrate that the Defendant's articulated, legitimate and non-discriminatory reasons for her discharge were merely pretextual. "Pretext may be shown 'either directly by persuading the court that a discriminatory reason more likely motivated the defendant or indirectly by showing that the defendant's proffered explanation is unworthy of credence.'" *Daniels v. Bd. of Educ. of Ravenna City School District*, 805 F.2d at 207 (*quoting Texas Dep't of Community Affairs v. Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095). Pretext is not established merely upon a showing that Defendant may have exercised unsound business judgment in the employment action at issue; Plaintiff must "show that [Defendant's] asserted business judgment was so ridden with error that Defendant could not honestly have relied upon it." *Lewis v. Sears, Roebuck & Co.*, 845 F.2d 624, 633 (6th Cir.1988). While it might well be argued that the Defendant made an erroneous business decision in terminating Plaintiff (Plaintiff having indicated that she was attempting to implement solutions to these problems in her department as quickly as practicable (Peterson Depo.Tr. 192–93)), such a decision is not so unreasonable that it cannot be believed. The Plaintiff's evidence of pretext, to wit: that the Plaintiff was the only black administrator, that she had been snubbed by her superior, and that the administrator tended to behave more favorably toward white nurses, is, without more, insufficient to demonstrate that the Defendant's legitimate, non-discriminatory reasons for the Plaintiff's termination are pretextual.

4. In determining the sufficiency of the Defendant's Motion for Summary Judgment, the specific factual context surrounding Plaintiff's termination, with reference to the licensing predicament in which the Defendant found itself, must be considered. It is unrebutted that after an initial inspection had put the Defendant's continued license in jeopardy, the Defendant's parent company undertook a far more active management role than had previously been the case and significant administrative changes were made (Doc. # 20, p. 2). Mass firings and/or forced resignations took place, each of which impacted far more heavily upon white employees than upon employees of a minority race, to wit: nine administrative/supervisory personnel were asked to resign or were discharged, all nine of whom were white; seven registered nurses were asked to resign or were discharged, five of whom were white and two of whom were black; and nine licensed practical nurses were also asked to resign or were discharged, eight of whom were white and one of whom was black. The Plaintiff was one of the very few supervisors that was allowed to remain in her position. A follow-up in-house corporate inspection revealed that the only problems remaining after the state-inspector-induced overhaul of the Defendant's procedures were in Plaintiff's department, and those problems were not remedied after a full warning was given to the Plaintiff (Doc. # 20, p. 4). Plaintiff does not deny the existence of problems reported in the Medical Records Department. Plaintiff claims only that it was not her responsibility to prepare the medical records in the first instance (Doc. # 29, p. 5). In other words, Plaintiff blames the inadequacies in the medical records on the actions or inac-

tions of other persons. In view of the fact that the Defendant was justifiably nervous about its continued licensure by the state of Ohio, discharge of the Plaintiff was a legitimate, non-discriminatory reaction to the problems uncovered and unremedied in Plaintiff's department.

■ Allegations that the Defendant's administrator might have behaved more favorably toward white nurses (employees *not* similarly situated to the Defendant), that the administrator had refused to shake the Plaintiff's hand, that matters generally were not as comfortable as the Plaintiff might have desired, are unavailing to show that the Defendant's legitimate, non-discriminatory reasons for the Plaintiff's discharge were pretextual. *See Shah v. General Electric Co.,* 816 F.2d 264, 271 (6th Cir.1987). A discharged employee may not avoid summary judgment by attempting to refute the accuracy of the employer's explanation that she had performed inadequately, where the allegations only undercut justification for the discharge and do not show that the employer acted because of racial bias. *Irvin v. Airco Carbide,* 837 F.2d 724, 726 (6th Cir.1987); *White v. Vathally,* 732 F.2d 1037 (1st Cir.), *cert. denied,* 469 U.S. 933, 105 S.Ct. 331, 83 L.Ed.2d 267 (1984). The Plaintiff's allegations upon which she would have this Court draw an inference of pretext are insufficient upon which to infer discriminatory intent in view of the employment circumstances facing the Defendant, the previous and upcoming state inspections, the previous mass firings, the urgency in resolving any remaining deficiencies immediately, etc. The white employees situated most similarly to Plaintiff, supervisors in whose departments deficiencies were found by the state inspectors, were treated less favorably than Plaintiff, if anything, in that most were terminated immediately after the state inspection (Doc. # 20, p. 2). Plaintiff's contentions that she was doing her very best to implement solutions to the problems in the Medical Records Department as quickly as was practicable and that the source of many of the problems was other employees' actions or inactions (Peterson Depo.Tr. 192–93), go only to the

wisdom of the Defendant's employment decision and are not sufficient to show discriminatory intent in that employment decision.

■ 5. With respect to the Plaintiff's Title VII claim of discharge in retaliation for the Plaintiff's having previously filed a claim of discrimination on the basis of wages, the Plaintiff's only evidence of retaliation is the fact that the inspection for her alleged non-performance of her work duties occurred within one week after the Defendant received notice of the Plaintiff's withdrawal of the EEOC charge for which he had "gone public" and that she was fired three weeks thereafter (Doc. # 29, p. 5). These facts, even when matched against the alleged statement of the Defendant's employee Garfield (albeit denied by him) that he did not like his employees to "go public" (Doc. # 29, p. 5), shows no more than coincidence in timing. A case of retaliation sufficient to withstand a motion for summary judgment is not made out where a sequence of events such as set forth above is an employee's *only* evidence of retaliation, in response to the employer's articulation of a legitimate, non-retaliatory reason for adverse employment action. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to withstand a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

■ 6. Plaintiff's claim of disparate treatment under 42 U.S.C. § 1981 falls with her claim of racial discrimination under Title VII. As noted, evidence is lacking that anyone in a situation similar to the Plaintiff's was treated differently. While white nurses might well have been treated more favorably, nurses, regardless of race, are not employees similarly situated to the Plaintiff. As also noted, there is no evidence that white administrators in similar situations were treated in a fashion disparate to that of the Plaintiff, when in fact the Plaintiff was one of the very few administrators that escaped the purge in the form

of mass firings and/or forced resignations that followed the initial state inspection.

7. In view of this Court's ruling as aforesaid, the Defendant's Motion, seeking an Order of the Court staying proceedings in the captioned cause until the Court rules on whether 42 U.S.C. § 1981 applies to private acts of discrimination (Doc. # 34), is deemed moot and will, therefore, not be ruled upon.

WHEREFORE, based upon the aforesaid, the Motion of the Defendant, seeking an Order of the Court granting summary judgment in its favor and against the Plaintiff herein (Doc. # 20), is deemed by this Court to be well taken and same is, therefore, sustained in its entirety. Judgment will be entered in favor of the Defendant and against the Plaintiff herein.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.