897 F.2d 530
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pearly L. WILSON, Plaintiff-Appellant,
v.
Richard P. SEITER; E.M. BARNES, Sgt., Defendants-Appellees.
 No. 89-3367.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1990.
 
 1
 Before WELLFORD and DAVID R. NELSON, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge.
 
 ORDER
 
 2
 Pearly Wilson is a pro se Ohio prisoner who appeals the district court's judgment which dismissed a civil rights case that he had filed under 42 U.S.C. Sec. 1983 (1981). The defendants in this case were Sgt. E.M. Barnes, a corrections officer who had been employed at the Hocking Correctional Facility ("H.C.F."), and Richard P. Seiter, a former director of the Ohio Department of Rehabilitation and Correction. Wilson's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 It is undisputed that Wilson received a package that contained 20 embossed (franked) envelopes while he was incarcerated at H.C.F. Sgt. Barnes advised Wilson that 19 of these envelopes were considered contraband and ordered him to sign either a cash slip authorizing H.C.F. to return 19 of the envelopes to the sender at Wilson's expense or to sign a form acknowledging that these envelopes would be disposed of as contraband. Barnes also advised Wilson that he could retain limited access to the envelopes by designating them as a "sundry package." However, inmates at H.C.F. are only allowed to receive one sundry package every three months.
 
 
 4
 Wilson concedes that he refused to obey Barnes's order. Barnes then filed disciplinary charges against Wilson for disobedience of a direct order and for creating a disturbance in violation of Ohio Admin.Code Secs. 5120-9-04(E)(1) and (4) (1983). Both of these charges reflect violations of class II rules which may result in an inmate's pre-hearing segregation in security control pursuant to Ohio Admin.Code Sec. 5120-9-11(A)(2) (1981).
 
 
 5
 Wilson was placed in pre-hearing segregation for three days. A hearing was then held before the Rules Infraction Board which found that he was not guilty of creating a disturbance but that he was guilty of disobeying Barnes's order. Wilson was sentenced to five days confinement in security control with credit for the three days that he had already served. His sentence was later affirmed by defendant Seiter.
 
 
 6
 In his complaint, Wilson alleged: 1) that the prison regulation which controls incoming mail was unconstitutional, 2) that this regulation was unconstitutionally applied to him by the defendants, 3) that the application of the regulation invidiously discriminates against indigent prisoners like himself, and 4) that his punishment was unconstitutional. He sought declaratory and injunctive relief based on these claims. In an amended complaint, Wilson also sought monetary damages against Sgt. Barnes.
 
 
 7
 Wilson's case was tried before a magistrate who recommended that judgment be entered for the defendants. The district court adopted the magistrate's recommendation and entered a judgment that dismissed Wilson's case. It is from this judgment that Wilson now appeals.
 
 
 8
 Wilson's first three claims as well as his claims against Richard Seiter are all clearly without merit for the reasons stated in the magistrate's report and the district court's opinion. In addition, the court correctly found that Wilson did not suffer constitutional harm when he was required to dispose of the envelopes.
 
 
 9
 We also note that Wilson's segregation and punishment did not violate due process. There is no indication that the security reasons for Wilson's pre-hearing segregation were subsumed beneath a punitive intent. Cf. Woodson v. Lack, 865 F.2d 107, 109-10 (6th Cir.1989). He received both notice of the charges against him and a hearing within a reasonable time from the date of his segregation. Cf. Hewitt v. Helms, 459 U.S. 460, 471-72 (1983). At that hearing, Wilson was afforded all that is required by the Supreme Court's decision in Wolff v. McDonnell, 418 U.S. 539, 564-66 (1980). He openly admitted refusing a direct order, and he received a sentence that was consistent with that offense. See Ohio Admin.Code Secs. 5120-9-06(E)(1), -11(A)(2). Therefore, both Wilson's prehearing segregation and his later punishment were supported by a full measure of due process. See Hewitt, 459 U.S. at 476; Wolff, 418 U.S. at 564-66.
 
 
 10
 In his amended complaint, Wilson sought damages from Sgt. Barnes alleging that he had caused Wilson's punishment by giving him an unauthorized order and by recommending his placement in security control. The district court ruled that Barnes was not liable because it found that he was not directly involved in the decision to segregate Wilson. Cf. Ivey v. Wilson, 832 F.2d 950, 957 (6th Cir.1987). However, the court should not have made this ruling because the eleventh amendment creates a jurisdictional bar that precludes consideration of Wilson's amended complaint. This is so because Wilson failed to allege that Barnes was being sued personally rather than in his official capacity as a state employee. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2312 (1989); Wells v. Brown, 891 F.2d 591, 592-94 (6th Cir.1989).
 
 
 11
 On appeal, Wilson argues that the district court erred by not granting his requests for a jury trial. However, Wilson waived his right to a jury because he did not make his requests within the time that is prescribed by Fed.R.Civ.P. 38 (1989). See Irvin v. Airco Carbide, Inc., 837 F.2d 724, 727 (6th Cir.1987). Moreover, the court did not abuse its discretion under Fed.R.Civ.P. 39(b) (1989) because Wilson did not show that his requests were late for any reason other than mere inadvertence. See Misco, Inc. v. United States Steel Corp., 784 F.2d 198, 205 (6th Cir.1986).
 
 
 12
 Wilson also appears to argue that the magistrate and the district judge were biased. However, Wilson's allegations are wholly conclusory and without any support in the record. It cannot be said that a judge is biased simply because he rules against one party and in favor of another. See Garver v. United States, 846 F.2d 1029, 1031 (6th Cir.), cert. denied, 109 S.Ct. 63 (1988). There is nothing in the record to suggest that either the magistrate or the judge had any bias against Wilson and nothing to suggest that they gave anything less than full consideration to the arguments and the law in his case. Cf. id.; Khan v. Yusufji (In re M. Ibrahim Khan, P.S.C.), 751 F.2d 162, 164-65 (6th Cir.1984).
 
 
 13
 Accordingly, Wilson's request for counsel is hereby denied and the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 14
 ---------------
 
 
 
 * The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation.