928 F.2d 404
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John BURCHE, Plaintiff-Appellant,
v.
ASHLAND CHEMICAL COMPANY, Degussa Carbon Black Company,
Defendants-Appellees.
 No. 90-3641.
 United States Court of Appeals, Sixth Circuit.
 March 19, 1991.
 
 N.D.Ohio No. 89-00981; Dowd Jr., J.
 N.D.Ohio
 AFFIRMED.
 Before BOYCE F. MARTIN, JR. and MILBURN, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 John Burche, a pro se Iowa resident, appeals the district court's dismissal of his amended civil complaint for breach of contract and wrongful discharge. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In March 1988, Burche was hired as a research manager for Ashland's carbon black division in Akron, Ohio. Burche relocated from Iowa to Ohio. In November 1988, Ashland sold its carbon black division to defendant Degussa. Burche accepted an offer of employment from Degussa, but he was ultimately terminated from that position on March 22, 1989. Seeking monetary relief, Burche filed suit alleging that Ashland did not honor its oral promise to pay the difference between the market price of his Iowa home and the costs he expended in acquiring the home, and that Degussa wrongfully terminated his employment.
 
 
 3
 Both defendants filed motions for summary judgment and Burche responded. The district court granted summary judgment for Degussa, finding that Burche was an employee at will and that there was no evidence that Degussa ever ratified or assumed the alleged oral promises made to Burche by Ashland. However, the district court denied Ashland's motion for summary judgment and set the case for trial to determine whether or not Burche was entitled to compensatory damages under a theory of promissory estoppel. A bench trial was ultimately held, during which the court granted Ashland's motion for an involuntary dismissal under Fed.R.Civ.P. 41(b) after the close of Burche's evidence. The court also issued findings of fact and conclusions of law pursuant to Rule 52(a). Specifically, the court found that Burche had not made out a claim for promissory estoppel because he was not injured by reliance on Ashland's alleged promise. The court reasoned that Burche had not sold the house in Iowa, and therefore did not incur any loss. The court also found that it was not foreseeable that Ashland would sell its carbon black division to another company and that that company would terminate Burche.
 
 
 4
 On appeal, Burche reasserts his claims and additionally argues that the district court improperly limited his discovery; that he was improperly denied a jury trial; and that the trial judge was biased against him.
 
 
 5
 Upon review, we affirm the district court's summary judgment dismissal of Degussa for the reasons stated in the court's opinion dated March 6, 1990. We also conclude that the district court properly granted Ashland's motion for an involuntary dismissal under Fed.R.Civ.P. 41(b). The court's findings of fact are not clearly erroneous and they support the court's conclusion that Burche had not made out a claim for promissory estoppel. See Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985); Haskell v. Washington Township, 864 F.2d 1266, 1274 (6th Cir.1988).
 
 
 6
 The district court also did not abuse its discretion in limiting Burche's discovery request because the only relocation information pertinent to Burche's case was that information pertaining to newly hired employees. See Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1240 (6th Cir.1980), cert. denied, 454 U.S. 893 (1981). The district court also properly denied Burche's request for a jury trial because he did not make a timely jury demand in his complaint or within ten days after the defendants filed their answer. See Fed.R.Civ.P. 38(b). Nor did the amended complaint contain any new issues which could have revived Burche's right to a jury trial. See Irvin v. Airco Carbide, Inc., 837 F.2d 724, 727 (6th Cir.1987). Finally, the district court was not biased against Burche because he was proceeding pro se. To the contrary, the court patiently explained what rules and procedures Burche needed to follow in order to fully litigate his case.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.