991 F.2d 794
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris ANDERSON, Jr., Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 92-2185.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1993.
 
 Before KENNEDY and MILBURN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Morris Anderson, Jr., a Michigan citizen, appeals from the summary judgment for defendant in this employment discrimination case filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 After exhausting his administrative remedies, Anderson brought this action under Title VII alleging that the defendant, his employer, had demoted him based on his race. The district court granted defendant's motion for summary judgment following a hearing, and Anderson appeals.
 
 
 3
 Upon review, we affirm the summary judgment for defendant for reasons other than those relied on by the district court. See Boger v. Wayne County, 950 F.2d 316, 322 (6th Cir.1991).
 
 
 4
 The record in this case shows that defendant required Anderson to choose between being transferred or demoted in order to avoid being the direct supervisor of his fiancee (who later became his wife) in violation of the company nepotism policy. Anderson alleged that in numerous other cases the policy had been ignored or the employees involved had been accommodated in some way, and that he should have been accommodated by being allowed to change to a different shift from his wife.
 
 
 5
 To establish a prima facie case of race discrimination, Anderson was required to show, in addition to being a member of a protected class, qualified for his position, and subjected to an adverse action, that his treatment differed from that of similarly situated individuals not within the protected group. Shah v. General Electric Co., 816 F.2d 264, 267-68 (6th Cir.1987). The district court found that Anderson had failed to establish a prima facie case because he was not similarly situated to the white employees against whom the nepotism policy was not enforced. While it appears that, drawing all inferences in favor of Anderson, the district court may have erred in this determination, the summary judgment for defendant can nevertheless be affirmed because Anderson failed to carry the burden of proof on the remainder of the case.
 
 
 6
 After a plaintiff establishes a prima facie case of discrimination, if the defendant proffers a legitimate reason for the adverse action, the plaintiff must prove that the proffered reason is unworthy of belief and a pretext for discrimination. See Galbraith v. Northern Telecom, Inc., 944 F.2d 275, 282 (6th Cir.1991), cert. denied, 112 S.Ct. 1497 (1992). In this case, the defendant argued that Anderson could not be accommodated by being moved to a different shift from his wife because, as a shift supervisor, he would be required to work all shifts as needed to cover for vacations and emergencies. Furthermore, defendant stated that it wished to avoid conflicts between Anderson and any other supervisor who might discipline his wife. In order to establish a case, Anderson was required not only to cast doubt on the legitimacy of these reasons, but to show that the reasons are a pretext for a discriminatory motive. See Irvin v. Airco Carbide, 837 F.2d 724, 726 (6th Cir.1987). The record in this case is simply lacking in any evidence that race was a motivating factor in Anderson's demotion.
 
 
 7
 Defendant has requested, without citation to any authority, an award of attorney fees and costs on this appeal. While a prevailing defendant in a Title VII suit may be allowed its attorney fees where the suit was frivolous, unreasonable, or without foundation, see Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978), this case certainly does not meet those criteria. However, costs may be taxed against an appellant when the judgment below is affirmed, pursuant to Fed.R.App.P. 39(a).
 
 
 8
 Accordingly, the request for attorney fees is denied. The request for costs will be taken under consideration if, within fourteen days of the entry of this order, defendant submits a bill of costs pursuant to Fed.R.App.P. 39(d). Morris Anderson, Jr., would then have ten days in which to object. The judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.