19 F.3d 19
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donzaleigh PETWAY, Plaintiff-Appellant,
v.
TEXTRON AEROSTRUCTURES, Defendant-Appellee.
 No. 93-6114.
 United States Court of Appeals, Sixth Circuit.
 March 3, 1994.
 
 1
 Before: JONES and BOGGS, Circuit Judges; and FEIKENS, Senior U.S. District Judge.*
 
 ORDER
 
 2
 Donzaleigh Petway, appearing pro se, appeals a district court judgment dismissing her race discrimination suit filed pursuant to Title VII of the Civil Rights Act of 1964. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking equitable relief, Petway sued Textron Aerostructures alleging that she received a poor performance evaluation and was demoted because of her race. Petway is black. The defendant moved for summary judgment arguing that Petway was reassigned to another position within her department with a decrease in salary, pursuant to a "Salaried Force Reduction," and not because of her race. Thereafter, Petway wrote to the district court requesting it to consider allegations of sex and age discrimination. However, the EEOC's determination letter regarding her charge authorized her to file suit only on her claim of race discrimination. Moreover, at the time this action was filed, Petway had charges of sex and age discrimination pending before the EEOC.
 
 
 4
 Upon review, the district court granted summary judgment in favor of the defendant, concluding that Petway had not established a prima facie case of race discrimination, and that she had also failed to show that defendant's legitimate business reason for her transfer was a pretext for racial discrimination. Petway has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment to the defendant as there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Petway is not entitled to relief because she did not meet her burden of proving employment discrimination as set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-03 (1973). Petway did not establish that she was qualified for her job, or that Textron demoted her without a valid cause. See Irvin v. Airco Carbide, 837 F.2d 724, 725-26 (6th Cir.1987). Even if we conclude that Petway established a prima facie case of employment discrimination, Textron met its burden of articulating a legitimate non-discriminatory reason for Petway's transfer by stating that she was selected for force reduction pursuant to its SFR procedure, see Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 255 (1981), and Petway failed to raise a genuine issue of material fact, questioning whether she was transferred due to her race. See St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2748-50 (1993).
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation