**Colin ORLOWSKI, Plaintiff,**

**v.**

**TRW, INC., Defendant.**

**No. 90–CV–30041–PH.**

United States District Court,
E.D. Michigan, S.D.

Feb. 13, 1991.

John C. McColl, McIntosh, McColl, Carson, McNamee, Strickler & Houler, Port Huron, Mich., for plaintiff.

Virginia F. Metz, David B. Calzone, Butzel, Long, Gust, Klein & Vanzile, Detroit, Mich., for defendant.

**1278**

JAMES HARVEY, District Judge.

### MEMORANDUM AND ORDER

This is a diversity case in which plaintiff seeks damages for breach of contract and wrongful discharge. Plaintiff filed his complaint in a Michigan state court on April 3, 1990. Defendant removed the case to this Court on June 14, 1990 under 28 U.S.C.A. §§ 1332(a), 1441(a) (West Supp. 1990), and filed an answer to the complaint on June 19, 1990. On July 12, 1990, plaintiff filed a jury demand.

Defendant moves to strike the jury demand, asserting that plaintiff waived his right to a jury trial by failing to serve his demand within ten days "after the service of the last pleading directed to [a triable] issue." Fed.R.Civ.P. 38(b), (d). In addition, defendant argues that plaintiff is not entitled to relief from his waiver because he does not offer a sufficient excuse. *See* Fed.R.Civ.P. 39(b).

Plaintiff moves[1] the Court under Rule 39(b), Fed.R.Civ.P. 39(b), to grant his request for a jury trial, arguing that the Court should relieve him from his inadvertent waiver because his jury demand would have been timely under state law, because plaintiff's counsel expected defendant to demand a jury trial, and because plaintiff's counsel was preparing for a jury trial in another case when Rule 38(b), Fed.R.Civ.P. 38(b), required him to serve his demand.

■ Initially, the Court notes that Rule 81(c) provides that the Federal Rules of Civil Procedure "apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal." Fed.R.Civ.P. 81(c). Under Rule 38(b), a party may demand "a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue." Fed.R. Civ.P. 38(b). Defendant filed the last pleading directed to a triable issue, its answer to plaintiff's complaint, on June 19,

1990. Yet, plaintiff failed to file his jury demand until July 12, 1990. Rule 38(d) provides that "[t]he failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by the party of trial by jury." Fed.R.Civ.P. 38(d). Thus, plaintiff waived his right to a jury trial by failing to serve his demand within the ten-day period prescribed by Rule 38(b). *See Irvin v. Airco Carbide*, 837 F.2d 724, 727 (6th Cir. 1988).

■ Although plaintiff waived his right to a jury trial, Rule 39(b) allows a party to seek relief from such a waiver. Fed.R. Civ.P. 39(b); *Misco, Inc. v. United States Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986). Rule 39(b) states that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

Defendant cites *Lewis v. Time Inc.*, 710 F.2d 549, 556–57 (9th Cir.1983) for the proposition that a district court's discretion under Rule 39(b) "is narrow ... and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." Under *Lewis*, the Court might grant defendant's motion to strike. *But cf. Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389 (2d Cir.1983) (despite view that trial court's discretion under Rule 39(b) is narrow, court affirmed trial court's grant of jury trial in removal case because state rules regarding the timing of jury demands differed from federal rules). Yet, the Sixth Circuit does not follow the Ninth Circuit's rigid approach.

In *Kitchen v. Chippewa Valley Schools*, 825 F.2d 1004, 1013 (6th Cir.1987), the court characterized a district court's discretion under Rule 39(b) as "broad," and stated that "the court's discretion should be exercised in favor of granting a jury trial 'in the absence of strong and compelling reasons to the contrary.'" (quoting *Swof-*

---

**1.** Rule 39(b) requires a party seeking relief from a waiver under Rule 38(d) of its right to a jury trial to file a motion asking the court to order a jury trial. Fed.R.Civ.P. 38(d), 39(b).

*ford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir.1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965)). Although the court recognized that both the Ninth and Second Circuits hold that a district court must deny a motion made under Rule 39(b) if the only reason given for the late jury demand is that counsel made a mistake, the court noted that neither the Ninth nor the Second Circuit had ever reversed a district court's decision to grant a jury trial. *See also Rowlett v. Anheuser–Busch, Inc.*, 832 F.2d 194, 199–200 (1st Cir.1987) (rejecting the approach of the Ninth and Second Circuits: "[w]e are of the view that the discretion under Rule 39(b) is very broad and that the case would be very rare indeed where a district court abused its discretion in denying or granting a Rule 39(b) motion" (emphasis in original)). Citing a "lack of precedent for reversing the grant of a jury trial," the absence of prejudice to defendants, and the seventh amendment right to a jury trial, the court affirmed the trial court's grant of a jury trial.[2] *Kitchen*, 825 F.2d at 1013.

Defendant offers no "strong and compelling reasons" in favor of denying plaintiff a jury trial. *See Swofford*, 336 F.2d at 406 (noting that "[t]he right to a jury in a federal court as declared by the Seventh Amendment is a basic and fundamental feature in our system"). Defendant neither contends that it would suffer prejudice if the Court ordered a jury trial, nor claims that it would have prepared its case differently. *See Rowlett*, 832 F.2d at 200 (affirming trial court's grant of pro se plaintiff's motion for jury trial because defendant suffered no prejudice); *see also Tavoulareas v. Piro*, 93 F.R.D. 11, 14–15 (D.D.C.1981) (granting motion for jury trial because doing so did not prejudice other parties, and because parties presented issues appropriate for a jury to decide). Rather, defendant simply argues that plain-

tiff does not give good reasons for excusing his waiver.

As commentators observe, however, "[t]echnical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules." 9 C. Wright & A. Miller, Federal Practice and Procedure § 2334, at 115–16 (1971) (footnote omitted) (citing Comment, 47 Iowa L.Rev. 759 (1962)). Defendant asks the Court to deny plaintiff a jury trial even though plaintiff made his request less than a month late and at least ten months before trial is scheduled. The Court will deny defendant's request because defendant has ample time to prepare for a jury case and because no prejudice will result.

Accordingly, defendant's motion to strike plaintiff's jury demand is DENIED, and plaintiff's motion for a jury trial is GRANTED.

SO ORDERED.

---

**2.** Plaintiff in *Kitchen* brought employment discrimination claims under both federal law, 42 U.S.C.A. §§ 1983, 2000e–3(a) (West 1981), and state law, Mich.Comp.Laws Ann. § 37.2701(a) (West 1985). Yet, plaintiff had requested a jury trial for her section 1983 claim only. She moved for a jury trial of her state law claim on

the day of trial, after the trial court had impaneled the jury. The trial court granted her motion, and the Sixth Circuit Court of Appeals affirmed, despite defendants' claim that granting the motion prejudiced them because they would have prepared differently for a jury trial of the state law claim.