Robert **SUNENBLICK** d/b/a **Uptown Records, Plaintiff,**

v.

Andre **HARRELL** d/b/a **Uptown Records and MCA, Inc. Defendants.**

No. **91 Civ. 6606 (LAP).**

United States District Court, S.D. New York.

Jan. 11, 1993.

Hopgood, Calimafde, Kalil, Blaustein & Judlowe, Stephen B. Judlowe, James M. Rhodes, Jr., Steven J. Moore, New York City, for plaintiff.

Pryor, Cashman, Sherman & Flynn, Stephen F. Huff, Deidre Byrne, New York City, for defendants.

## MEMORANDUM AND ORDER

PRESKA, District Judge.

By letter briefs, the plaintiff moved for leave to file a jury demand with his amended complaint and to have the entire action tried before a jury, and the defendant moved to bifurcate the liability and damages portions of the case. For the reasons set forth below, plaintiff is hereby granted permission to amend his complaint to add new parties but is denied permission to have all issues tried to a jury. Defendants' motion to bifurcate is denied.

### Background

Plaintiff Sunenblick is the founder of Uptown Records, a small, independent recording company which produces and distributes jazz recordings under the "UP-TOWN" label. Plaintiff has used the "UP-TOWN" trademark in connection with jazz recordings since 1980, and the mark has been registered with the State of New York since 1981.

Defendant Andre Harrell ("Harrell") through Andre Harrell, Inc., provides a wide range of entertainment products under the mark "UPTOWN." Defendant MCA, Inc. ("MCA") is a large corporation which conducts business in many segments of the entertainment industry. MCA currently distributes Harrell's recordings under the UPTOWN mark.

Plaintiff alleges that he first became aware of Harrell's use of the trademark "UPTOWN" on musical recordings when plaintiff was negotiating with MCA regarding a proposed contract and was told that MCA already had an "UPTOWN" label under contract.

### Jury Demand

When plaintiff first commenced this action against Harrell and MCA, he did not demand a jury trial. Plaintiff contends that only after discovery was commenced did he learn (i) of the role of MCA Records,

Inc. and Andre Harrell, Inc. in the alleged infringement; and (ii) that after plaintiff notified MCA of the infringing conduct, MCA expanded the use of the "UPTOWN" trademark so that a claim of reverse confusion became appropriate. Defendants have agreed to allow plaintiff to file an amended complaint adding the two new corporate defendants and the allegations of reverse infringement but argue that the plaintiff has waived his rights to a jury trial. Plaintiff argues that the addition of these new parties and his new claim of reverse confusion revive the right to a jury trial.

Rule 38(a) preserves the right to a trial by jury as provided for in the Seventh Amendment to the Constitution. Fed. R.Civ.P. Rule 38(a). Any party may demand a jury trial on an issue by serving a demand therefor on all other parties to the action no later than 10 days after the service of the last pleading "directed to such issue"; such demand may be indorsed on a pleading. Fed.R.Civ.P. 38(b). A party who fails to serve a jury demand in the manner specified by Rule 38 is deemed to have waived its right to a trial by jury on the issues framed by the pleadings at that juncture. Fed.R.Civ.P. 38(d); *See Richardson Greenshields Securities v. Mui–Hin Lau*, 693 F.Supp. 1445, 1458 (S.D.N.Y. 1988). Once the ten-day period has passed, the "parties may then rely on the Rule's explicit terms in presuming that the factfinder will not thereafter change for the claims raised in the complaint." *Berisford Capital Corp. v. Syncom Corp.*, 650 F.Supp. 999, 1001 (S.D.N.Y.1987). Despite the waiver of the trial by jury, the court in its discretion "upon motion" may order a trial by jury. Fed.R.Civ.P. 39. However, the district court's discretion has been sharply limited "to determining whether the moving party's showing beyond mere inadvertence is sufficient to justify relief." *Richardson Greenshields Securities v. Mui–Hin Lau*, No. 84 Civ. 6134 (KMW); 1991 WL 125241, *6 (S.D.N.Y.1992), *quoting, Noonan v. Cunard Steamship Co.*, 375 F.2d 69, 70 (2d Cir.1967).

In this Circuit, amendments to the pleadings revive the right to a jury trial

only if the amendments involve new issues or change the original issues. *Berisford,* 650 F.Supp. at 1001, *citing, Lanza v. Drexel & Co.,* 479 F.2d 1277, 1310. The presentation of a "new issue" means more than the presentation of a new legal theory of recovery. *Rosen v. Dick,* 639 F.2d 82 (2d Cir.1980); *Bulk Oil (USA) Inc. v. Sun Oil Trading Co.,* 584 F.Supp. 36, 43 (S.D.N.Y. 1983). New issues sufficient to revive the right to a jury trial are not raised if the amended pleadings concern the same "general area of dispute" as was raised in the original pleadings. *Lanza v. Drexel,* 479 F.2d at 1310.

■ Here, plaintiff alleges that it is only since discovery has commenced that he has learned of MCA's plan to expand its use of the trademark "UPTOWN" and that it is this expanded use of the mark that is Sunenblick's basis for a claim of reverse confusion. Plaintiff's original complaint alleges trademark infringement, false designation and unfair competition, and the proposed amended complaint merely adds allegations of reverse confusion, not even an additional claim. The issues raised in the proposed amended complaint involve the "same general area of dispute" as the original complaint and merely add an alternative legal theory upon which relief could be granted. As such, the amendment is insufficient to revive plaintiff's right to a jury trial. *Rosen v. Dick,* 639 F.2d at 94; *Lanza v. Drexel,* 479 F.2d at 1310.

■ Similarly, the addition of the new defendants does not revive plaintiff's right to demand a jury trial. The parties plaintiff seeks to add are all related to the parties already named in this action and, indeed, have been participating in discovery. This mere addition of parties does not change the underlying claims or the nature of the relief desired and, therefore, does not revive plaintiff's right to a jury trial. *See Richardson Greenshields Securities v. Mui–Han Lau,* 693 F.Supp. at 1458.

### Bifurcation

■ The court "in furtherance of convenience or to avoid prejudice" may in its discretion bifurcate a trial concerning issues of liability and damages. Fed. R.Civ.P. 42(b); *Katsaros v. Cody,* 744 F.2d 270 (2d Cir.1984). While it may be proper in certain instances to bifurcate a trial, "separation of issues is not the usual course that should be followed." *Keyes Fibre Co. v. Packaging Corp. of America,* 763 F.Supp. 374 (N.D.Ill.1991), *quoting, Response of Carolina, Inc. v. Leasco Response, Inc.,* 537 F.2d 1307 (5th Cir.1976); *see* Advisory Committee Notes to the Fed. R.Civ.P. 42(b). Bifurcation is appropriate where, for example, deciding the issue of liability first might save the court from having to rule on complex issues of damages. *American Home Products Corp. v. Johnson & Johnson,* 111 F.R.D. 448 (S.D.N.Y.1986).

■ Defendant asserts that MCA will have to develop a computer program to isolate profit information on goods and services provided under the "UPTOWN" mark. While the Court is not insensitive to the costs of litigation, this does not appear to be an overly burdensome task to impose on defendant, and there is no guarantee that at the close of the liability portion of the trial that this task would not have to be performed. Additionally, disposition of this matter might be considerably delayed and the cost multiplied if, at the close of the liability portion of the trial, the parties only then commenced discovery concerning damages.

In the present case, defendant has failed to demonstrate that judicial economy will be maximized or that cost to the parties will be minimized by bifurcating the liability and damage portions of this case or that defendant will be prejudiced by failure to bifurcate. *See Organic Chemical, Inc. v. Carroll Products, Inc.,* 86 F.R.D. 468, 469 (W.D.Mich.1980).

### Conclusion

Plaintiff's request for leave to add a jury demand to the amended complaint is denied. Plaintiff shall serve his amended complaint within ten days of the issuance of this memorandum and order. Defendant's motion to bifurcate is denied. The

parties shall appear for a status conference in this matter on January 28, 1993 at 11:00 a.m., in courtroom 36.

SO ORDERED.