**Mary Anne GAMBOA**

v.

**MEDICAL COLLEGE OF HAMPTON ROADS.**

**Civ. A. No. 2:94cv1055.**

United States District Court, E.D. Virginia, Norfolk Division.

March 17, 1995.

Ronald F. Schmidt, Ronald F. Schmidt, P.C., Norfolk, VA, for plaintiff.

David E. Constine, III, Mays & Valentine, Richmond, VA, for defendant.

## MEMORANDUM OPINION AND ORDER

JACKSON, District Judge.

### INTRODUCTION

This case presents the issue of whether amending a complaint to change the defendant revives the plaintiff's right to a jury trial. The matter stems from an untimely jury demand by the plaintiff. For the reasons stated below, the Court finds that plaintiff has waived her right to a jury. Furthermore, her request that the Court exercise its discretion to grant a jury trial despite her untimely demand is **DENIED.**

### I. FACTS

On September 15, 1994, Mary Anne Gamboa sued the Medical College of Hampton Roads Foundation ("the Foundation") in Circuit Court of the City of Norfolk. Gamboa sought unpaid overtime wages of $1,680.00, lost wages of $9,664.00, liquidated damages of $11,344.00, and punitive damages of $20,000.00, together with costs and interest accruing from December 3, 1993.[1] She claimed that the Foundation failed to pay her for overtime hours and then fired her when she asked to be properly compensated. On October 28, 1994, the Foundation removed the case to this Court on the basis of federal question jurisdiction.

The Foundation filed its answer to Gamboa's complaint on November 4, 1994, denying that it had ever employed her. On the 29th of November, Gamboa filed a demand for a jury in her case against the Foundation. That same day, Magistrate Judge Miller entered an Order on Initial Pretrial Conference allowing the plaintiff to amend her complaint. This was necessary because she was employed by the Medical College of Hampton Roads ("the College") and not the Medical College of Hampton Roads Foundation. Gamboa filed her amended complaint on December 7, 1994, naming the College, demanding a jury trial, and increasing her claim for punitive damages to $80,000.00.

### II. LEGAL STANDARD

The Federal Rules of Civil Procedure state that:

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. . . .

FED.R.CIV.P. 38(b). Furthermore, Rule 38(d) states in relevant part that: "The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." Finally, the Local Rules for the Eastern District of Virginia state:

> Any demand for jury must be in writing and filed strictly in accordance with Rule 38, Federal Rules of Civil Procedure. Removal actions shall be governed by Rule 81(c). In the event another party is added, the additional party may demand trial by jury at any time within 20 days after such party is served with process or summons.

E.D.VA.R. 20(a).[2]

### III. DISCUSSION

**Gamboa did not make a timely jury trial demand because the demand was not made within the period required by the Federal Rules, and because her amended complaint did not change the issues raised in her original complaint.**

---

1. Gamboa sought relief pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 216(b) (1988).

2. Rule 81(c) applies to situations where the necessary pleadings were completed before removal. In this case the necessary pleadings were not completed before removal.

## A. Gamboa had 13 days from the Foundation's answer, excluding weekends and holidays, to file her jury demand.

■ As Wright and Miller have stated, under Rule 38(b), "if the only pleadings in [a] case are the complaint and the answer, the demand for jury trial must be served not later than ten days after service of the answer." 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2320 at 148 (1995). However, this ten day period does not include weekends or holidays, because under Rule 6(a), "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED.R.CIV.P. 6(a). Finally, as stated FED.R.CIV.P. 6(e), when a party is responding to a "notice or other paper" received by mail, three days are added to that party's time for response. This means that Gamboa had a total of 13 days after the Foundation's answer, which was mailed on November 3, to file her jury demand.[3] This 13–day period would not include weekends and holidays. Accordingly, her demand for a jury trial was due no later than November 22, 1994.

Gamboa's first demand for a jury trial based on her original complaint was made on November 29, 1994, the day of the Initial Pretrial Conference. Clearly, this demand was late. However, she argues that since she amended her complaint to name the College instead of the Foundation, she had an additional period in which to demand a jury trial. As will be discussed below, her assertion is incorrect.

**3.** FED.R.CIV.P. 6(a) also states that:
  In computing any period of time prescribed or allowed by these rules ... the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday....
  Keeping in mind that according to Rule 5(b), "[s]ervice is complete upon mailing", Gamboa's time began to run on November 4th.

**4.** It is also worth noting that the same principle operates in multiple defendant cases where the

## B. When a complaint is amended, the right to demand a jury trial is only revived when the amendment changes the issues. Since Gamboa did not change the issue before the Court, her right to demand a jury was not revived.

The Third Circuit has stated that:

It is well established that if the original pleadings in an action effectively waive trial by jury under FED.R.CIV.P. 38(b) and (d), the right to trial by jury of all matters contained in those pleadings cannot be revived by amending the original pleadings.... Jury trial may be demanded for any "new issues" raised by the amended pleadings "but the amendment does not revive a right, previously waived, to demand jury trial on the issues already framed by the original pleadings."

*Walton v. Eaton Corp.*, 563 F.2d 66, 71–71 (3d Cir.1977) (quoting 9 CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 2320 at 94–95 (1971)). Similarly, the Second Circuit has held that:

Under Rule 38(d), the failure to demand a jury trial within the period designated by Rule 38(b) constitutes a waiver of that right as to all issues raised in the complaint. If the original complaint is subsequently amended, the right to demand a jury trial is revived in an action ... only if the amendment changes the issues.

*Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir.1973) (citations omitted); *see also Guajardo v. Estelle*, 580 F.2d 748, 752–53 (5th Cir.1978) (same).[4]

On the second page of her Brief in Support of Jury Trial, Gamboa states that "... since the College has not yet filed a pleading, [the] demand for a trial by jury in the Amended

issues have not changed. Wright and Miller state: "If there are multiple defendants, the time each defendant files his answer starts the ten-day period running for the issues raised between him and the plaintiff *but on an issue in which all the defendants are interested, the time runs from service of the last answer.*" 9 CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 2320 at 149 (1995) (emphasis added). This illustrates the fact that Rule 38(b) is concerned with issues, not defendants.

Complaint was timely." It is true that at the time Gamboa filed her amended complaint, the College had not filed its answer.[5] However, the Foundation had already filed its answer on November 4th, and that was the last pleading directed to the issue of her FLSA claim. Changing the issues of the complaint determines whether a plaintiff's right to demand a jury trial is revived, not changing the defendants. Although this Court has not squarely addressed this situation, the Southern District of New York has dealt with it, holding that "the addition of . . . new defendants does not revive [a] plaintiff's right to demand a jury trial." *Sunenblick v. Harrell,* 145 F.R.D. 314 (S.D.N.Y.1993).

In *Sunenblick,* the plaintiff was suing two defendants for trademark infringement, however, when he filed the action he did not demand a jury trial. Following discovery, the plaintiff claimed that he learned of the role of two corporate entities in the alleged infringement, and sought to add them to the case.[6] *See id.* at 316. He also demanded a jury trial at that time. The original defendants allowed the plaintiff to file an amended complaint to add the new defendants, but argued that he had waived his right to a jury trial.

In rejecting the plaintiff's demand, Judge Preska wrote:

> The parties plaintiff seeks to add are all related to the parties already named in this action and, indeed, have been participating in discovery. This mere addition of parties does not change the underlying claims or the nature of the relief desired and, therefore, does not revive plaintiff's right to a jury trial.

*Id.* at 317. Likewise, the Medical College of Hampton Roads and the Medical College of Hampton Roads Foundation are closely related. But amending the complaint to sue the College does not change the compensation issue raised by Gamboa. Her amended complaint is identical to her original complaint except for the change in defendant and the increased claim for punitive damages.

Therefore, the Court finds that Gamboa's demand for a jury trial is late, which under 38(d) constitutes a waiver of her right.

## C. The Court will not exercise its discretion to order a jury trial.

▮ Despite the fact that Gamboa waived her right to a jury trial by her late demand, the Court has the discretion to grant her a jury trial. Under FED.R.CIV.P. 39(b):

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

Gamboa cites Fifth and Sixth Circuit cases for the principle that "the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." (Br. in Supp. of Jury Trial at 3.) However, this is not the rule in the Fourth Circuit.

In *General Tire & Rubber Co. v. Watkins,* 331 F.2d 192 (4th Cir.1964), *cert. denied,* 377 U.S. 952, 84 S.Ct. 1629, 12 L.Ed.2d 498 (1964), the Fourth Circuit implied that "exceptional circumstances" are needed in order to compel a court to exercise its discretion to grant a jury trial. *Id.* at 197. Likewise, in *McCray v. Burrell,* 516 F.2d 357 (4th Cir. 1975) *cert. dismissed,* 426 U.S. 471, 96 S.Ct. 2640, 48 L.Ed.2d 788 (1976), the Fourth Circuit suggested the same requirement, stating: "Of course the district court had discretion to grant the request, in whole or in part, notwithstanding, [sic] Rule 39(b), but we cannot say that there were such *exceptional circumstances* that the failure to grant the oral motion was an abuse of discretion." *Id.* at 371 (emphasis added).

The Court has considered the relevant case law cited and Local Rule 20(a). Furthermore, the Court notes that Gamboa has not provided any reason for her failure to make a timely demand for a jury. There-

---

5. The College's answer to the amended complaint was filed on December 22, 1994.

6. The original defendants were Andre Harrell and MCA, Inc. The corporate entities added to the amended complaint were Andre Harrell, Inc. and MCA Records, Inc.

fore, in the face of her clear waiver of her right to a jury trial, the Court does not find that exceptional circumstances exist which warrant an exercise of its discretion to order a jury trial.

## *CONCLUSION*

For the reasons stated above, plaintiff's request for a jury trial is **DENIED.**

It is so **ORDERED.**