**Robert Ivan JONES, Plaintiff,**

v.

**Officer D.L. BOYD, Officer D.C. Hurst, and Officer D.E. Eaker, Defendants.**

**Civ. A. No. 2:94cv666.**

United States District Court,
E.D. Virginia,
Norfolk Division.

May .3, 1995.

Robert J. Haddad, Shuttleworth, Ruloff, Giordano & Kahle, Virginia Beach, VA, for plaintiff.

Alan B. Rashkind, Furniss, David, Rashkind & Saunders, Norfolk, VA, for defendant D.L. Boyd, Officer.

Thomas Jeffrey Salb, Breeden, MacMillan & Green, Norfolk, VA, for defendants D.C. Hurst, Officer and D.E. Eaker, Officer.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

### A. Factual and Procedural Background

This matter is before the Court on Plaintiff's motion for a jury trial. Plaintiff initially brought this action *pro se* on June 23, 1994, alleging violations of his constitutional rights during his detention and arrest by Chesapeake, Virginia police officers. Plaintiff subsequently retained Robert Haddad as counsel. Mr. Haddad's first appearance in this case was on November 23, 1994.

When Plaintiff brought this action, he included two unnamed police officers as defendants. The Court ordered Plaintiff to name these police officers by December 28, 1994. On December 29, 1994, Plaintiff moved this Court to allow him to add Officers Hurst and Eaker as Defendants. The Court granted Plaintiff's motion on January 5, 1995.

On January 10, 1995, Plaintiff first requested a jury trial in a letter to the Court. On February 24, 1995, Plaintiff filed a motion for a jury trial, arguing that his January 10, 1995, request was timely. Plaintiff further argued that if the Court determined that his request was untimely, the Court should exercise its discretion to grant Plaintiff's request for a trial by jury, pursuant to Federal Rule of Civil Procedure 39(b).

### B. Discussion

#### 1. Timeliness of Plaintiff's Jury Request

Rule 38 of the Federal Rules of Civil Procedure states that a party must demand a trial by jury by serving a written demand upon the other parties no later than ten days after service of the last pleading. Fed. R.Civ.P. 38(b). Failure to serve and file a demand for jury trial in accordance with Rule 38 constitutes waiver of trial by jury. Fed.R.Civ.P. 38(d). Furthermore, the Local Rules for the Eastern District of Virginia provide that "[a]ny demand for a jury must be in writing and filed strictly in accordance with Rule 38, Federal Rules of Civil Procedure." E.D.Va.Rule 20(A).

Plaintiff contends that his jury request was timely because Defendants Hurst and Eaker did not answer his Complaint until February 3, 1995, and their answers were the last pleadings served. The general rule is that a jury request is timely if made within ten days of the last defendant's answer. *Bentler v. Bank of America Nat'l Trust & Sav. Ass'n*, 959 F.2d 138, 141 (9th Cir.1992). However, when a plaintiff adds defendants to a case through an amended complaint, this general precept is superseded by the rule that an amendment to a complaint will revive the plaintiff's right to request a jury trial only when the amendment introduces new issues into the case. *Irvin v. Airco Carbide*, 837 F.2d 724 (6th Cir.1987); *Walton v. Eaton Corp.*, 563 F.2d 66, 71–72 (3d Cir.1977); *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir.1973); *Guajardo v. Estelle*, 580 F.2d 748, 752–53 (5th Cir.1978).

An amendment which merely adds defendants or changes defendants does not introduce new issues to a case, and therefore does not revive a plaintiff's opportunity to request a jury trial. *Gamboa v. Medical College of Hampton Roads*, 160 F.R.D. 540 (E.D.Va.1995); *Sunenblick v. Harrell*, 145 F.R.D. 314 (S.D.N.Y.1993); *Virgin Air, Inc. v. Virgin Atlantic Airways, Ltd.*, 144 F.R.D. 56, 59 (S.D.N.Y.1992). In *Gamboa v. Medical College of Hampton Roads*, the plaintiff originally named the Medical College of Hampton Roads Foundation ("the Foundation") as a defendant in her action for unpaid

wages. 160 F.R.D. at 540. The plaintiff failed to file a jury request within ten days of the Foundation's answer. *Id.* Upon learning that she had been employed by the Medical College of Hampton Roads ("the College"), rather than the Foundation, the plaintiff sought to amend her complaint to substitute the College as the defendant. *Id.* This Court held that the substitution of one defendant for another did not change or add any issues to the case, and therefore did not revive the plaintiff's right to request a jury trial. *Id.* at 543.

■ In the case at bar, the Court finds that the naming of Officers Hurst and Eaker as Defendants was essentially an amendment to Plaintiff's Complaint. Furthermore, the naming of Officers Hurst and Eaker added no new issues to the case. The issues concerning those Defendants were set forth in Plaintiff's Complaint, which included Defendants Hurst and Eaker, but failed to provide their names. Simply providing names for these two previously unidentified defendants does not revive Plaintiff's right to request a trial by jury.

### 2. Plaintiff's Motion for Jury Trial

■ Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury trial in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury." Fed.R.Civ.P. 39(b). Plaintiff has requested that the Court exercise its discretion under this rule to grant his request for a jury trial.

In support of his request, Plaintiff sets forth federal circuit court cases which stand for the proposition that, in the absence of compelling reasons to deny an untimely jury request, a district court should grant such a request. Unfortunately for Plaintiff, the Fourth Circuit and the Eastern District of Virginia have taken a stricter approach to untimely jury requests. *See General Tire & Rubber Co. v. Watkins,* 331 F.2d 192 (4th Cir.), *cert. denied,* 377 U.S. 952, 84 S.Ct. 1629, 12 L.Ed.2d 498 (1964); *Keatley v. Food Lion, Inc.,* 715 F.Supp. 1335, 1338 (E.D.Va. 1989). The Fourth Circuit has indicated that district courts should grant untimely jury requests only when the plaintiff demon-

strates "exceptional circumstances" for his delay. *See General Tire & Rubber Co.,* 331 F.2d at 192. Moreover, this Court has held that, unless a plaintiff can show some cause "beyond mere inadvertence" for an untimely jury request, the Court should deny such a request. *Keatley,* 715 F.Supp. at 1338.

■ Plaintiff does not provide any specific reason for the untimeliness of his request, but does note his *pro se* status at the time he filed this action. Although courts must liberally construe the pleadings of *pro se* litigants, a *pro se* plaintiff must request a jury trial in the same timely manner as other litigants. *Favors v. Coughlin,* 877 F.2d 219, 221 (2d Cir.1989) (rule that the court must construe a *pro se* litigant's pleading less stringently could not overcome *pro se* plaintiff's actual failure to make a jury trial demand); *Raya v. Maryatt Indus.,* 829 F.Supp. 1169, 1175 (N.D.Cal.1993) (refusing *pro se* plaintiff's request for jury trial when failure to file timely request was due to inadvertence). Furthermore, even if the Court allowed *pro se* litigants more leniency in requesting trial by jury, Plaintiff has been represented by counsel since November 23, 1994. He did not request trial by jury until January 10, 1995, over six weeks after his attorney's initial appearance. Even if the Court considered Plaintiff's *pro se* status an excuse for failing to request a jury trial, this accounts for only a portion of the delay.

Plaintiff has failed to show that his untimely request for a jury trial was due to any cause other than "mere inadvertence." The Court therefore declines to exercise its discretion to grant Plaintiff a trial by jury.

### C. Conclusion

In conclusion, the Court finds that Plaintiff's request for a jury trial was untimely, and Plaintiff has not shown any exceptional circumstances to excuse his untimeliness. Accordingly, the Court DENIES Plaintiff's motion for a jury trial.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.