Dated: September 30, 1996.

**Sharon Denise THOMPSON, Plaintiff,**

v.

**Donald Lee FRITSCH and Schneider Specialty, Defendants.**

No. 96–CV–75592–DT.

United States District Court, E.D. Michigan.

April 29, 1997.

Gerald H. Acker, Southfield, for Plaintiff.

Renee S. Siegan, Southfield, for Defendants.

### OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR JURY TRIAL

DUGGAN, District Judge.

This matter is before the Court on plaintiff's motion for a jury trial, made pursuant to Fed.R.Civ. P. 39(b).

#### Background

Plaintiff brought suit against defendants in Wayne County Circuit Court as a result of an automobile accident which occurred on June 27, 1996. Defendants timely removed this matter to this Court, which has subject-matter jurisdiction through diversity of citizenship of the parties. Plaintiff failed to timely demand a jury trial within ten days of removal, as is required by Fed.R.Civ.P. 38(b).

On January 15, 1997, this Court issued a scheduling order indicating that a bench trial was scheduled for the July/August 1997 term. The scheduling order also indicated that discovery was to be completed by April 15, 1997. On February 27, 1997, plaintiff filed the motion for jury trial now before the

Court. Plaintiff argues that under Fed. R.Civ.P. 39(b), this Court has broad discretion to order a jury trial notwithstanding a party's failure to demand a jury when such a demand could have been made by right and that such an order should be issued upon a party's motion unless there are compelling reasons not to do so. Defendants argue to the contrary that an untimely demand for jury trial must be denied unless some cause for delay beyond mere inadvertence is shown.

### Discussion

■ Where a party has a right to a jury trial, she must demand one within ten days of the last pleading; a failure to do so is deemed a waiver of trial by jury. *Moody v. Pepsi–Cola Metropolitan Bottling Co., Inc.,* 915 F.2d 201, 207 (6th Cir.1990); Fed. R.Civ.P. 38(d). According to Fed.R.Civ.P. 39(b),

> notwithstanding the failure of a party to demand a jury in an action in which demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any and all issues.

Fed.R.Civ.P. 39(b).

> "A district court has broad discretion in ruling on a Rule 39(b) motion." Moreover, the court's discretion should be exercised in favor of granting a jury trial where there are no compelling reasons to the contrary.

*Moody, supra* (quoting *Kitchen v. Chippewa Valley Schools,* 825 F.2d 1004, 1013 (6th Cir. 1987)).

■ Defendants contend that plaintiff's motion should be denied because she failed to offer any reason other than mistake and inadvertence for her failure to make a timely demand for jury trial. Defendants cite to decisions of the Second and Ninth circuits, which have held that a Rule 39(b) motion must be denied if the only reason for delay was mistake or inadvertence. *See Lewis v. Time, Inc.,* 710 F.2d 549, 556–57 (9th Cir. 1983); *Galella v. Onassis,* 487 F.2d 986, 996 (2d Cir.1973). The Sixth Circuit has adopted the more liberal approach of granting 'Rule 39(b) motions in the absence of strong and compelling reasons to the contrary. *See*

*Kitchen, supra; see also Orlowski v. TRW, Inc.,* 765 F.Supp. 1277, 1279 (E.D.Mich.1991). "Technical insistence upon imposing a penalty for failing to follow the demand procedure by denying a jury trial is not in the spirit of the Federal Rules." 9 C.Wright & A. Miller, *Federal Practice and Procedure: Civil 2d* § 2334, at 189 (1995).

Defendants further argue that they will be prejudiced by an order for a jury trial because they have conducted their discovery on the belief that they were preparing for a bench trial. They also cite as prejudicial the added expense of additional discovery and a prolonged trial which will arguably result from an order for jury trial by this Court.

The Sixth Circuit rejected similar claims of prejudice in both *Moody* and *Kitchen.* The plaintiff's motion for jury trial was filed on February 27, 1997, six weeks prior to the close of discovery. Defendants thus had notice half way through the allotted discovery time that they would possibly need to prepare for a jury trial as opposed to a trial before the Court. This Court is satisfied that defendants' conclusory proclamations of prejudice are insufficient, in light of the Seventh Amendment right to a jury trial, to prevent this Court from allowing plaintiff's case to be heard by a jury.

"Given the broad grant of discretion under Rule 39(b), ... the Seventh Amendment right to a jury trial, and the [defendants'] failure to convincingly show discernible prejudice ...," this Court shall grant plaintiff's motion for a jury trial. *Moody, supra.*

For the reasons set forth above,

**IT IS ORDERED** that plaintiff's motion for jury trial is **GRANTED.**