**Royce A. BARRON and Deborah L. Barron, Plaintiffs,**

v.

**BANKERS LIFE AND CASUALTY COMPANY, Defendant.**

**No. 12–2777–STA–dkv.**

United States District Court, W.D. Tennessee, Western Division.

Dec. 5, 2012.

Donna Russell, Memphis, TN, pro se.

Anne Elizabeth Kutsikovich, Henry L. Klein, Apperson Crump, PLC, Memphis, TN, for Plaintiff.

Frankie Neil Spero, Bradley Arant Boult Cummings, LLP, Nashville, TN, Gary Lane Howard, Bradley Arant Boult Cummings, LLP, Birmingham, AL, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' JURY DEMAND

DIANE K. VESCOVO, United States Magistrate Judge.

Before the court is the November 7, 2012 motion of the defendant, Bankers Life and Casualty Company ("Bankers Life"), to strike as untimely under Rule 38 of the Federal Rules of Civil Procedure, the jury demand that the plaintiffs, Royce Barron and Deborah Barron ("the plaintiffs"), filed on October 24, 2012. (Def.'s Mot. Strike Pls.' Jury Demand, D.E. 15.) The plaintiffs oppose the motion, arguing that the demand was timely under Rule 38, or, in the alternative, that the court should nonetheless allow a jury trial in the exercise of its discretion under Rule 39 of the Federal Rules. (Pls.' Resp. Opp'n to Def.'s Mot. Strike, D.E. 16.) Bankers Life filed a reply. (Def.'s Reply, D.E. 20.) The motion was referred to the United States Magistrate Judge for determination. For the reasons that follow, the motion is denied.

### PROCEDURAL AND FACTUAL BACKGROUND

This action arises out of the March 2012 termination of a life insurance policy that Bankers Life issued to Royce Barron in August 1991. Mr. Barron filed his original complaint on July 27, 2012, in the Chancery Court of Shelby County, Tennessee.

(Compl., D.E. 1–1.) The complaint alleges that Bankers Life groundlessly terminated Mr. Barron's policy in violation of the governing contract, refused to reinstate the policy upon Mr. Barron's proper submission of a reinstatement application, and thereafter wrongfully failed to issue him a payout of the policy's cash value. The original complaint sought injunctive relief as well as damages for breach of contract, breach of the covenant of good faith, violation of the Tennessee Consumer Protection Act, and bad faith; the complaint did not contain a jury demand. On September 10, 2012, Bankers Life removed the action to the United States District Court for the Western District of Tennessee. (Def.'s Notice Rem., D.E. 1.)

Bankers Life filed its answer to Mr. Barron's complaint on October 1, 2012, denying that Mr. Barron was entitled to any relief and asserting a number of defenses. (Answer to Compl., D.E. 9.) Bankers Life's answer also contained no jury demand. On October 19, 2012, the parties jointly submitted a proposed scheduling order for the court's approval. The proposed scheduling order, which the court adopted on October 23, 2012, stated that the case was set for a non-jury trial but that Mr. Barron had indicated he might later be demanding a jury trial. (*See* Sched. Order, D.E. 12 at 3.)

On October 22, 2012, the plaintiffs filed an amended complaint, adding Mrs. Barron, the beneficiary of the subject insurance policy, as a plaintiff, and adding a handful of factual allegations along with two new theories of recovery: negligence/gross negligence and breach of fiduciary duty. (Amend. Compl., D.E.11.) The plaintiffs included a jury demand in the caption of their amended complaint, and, on October 24, 2012, they filed a separate document entitled "Demand for Trial by Jury on All Issues." (Pls.' Jury Demand, D.E. 13.)

Bankers Life then filed the instant motion to strike the plaintiffs' jury demand, arguing that the plaintiffs waived their right to a jury by failing to make their demand within the time allotted by Rule 38(b)(1). According to Bankers Life, the Barrons had fourteen days from the date they were served with Bankers Life's answer within which to demand a jury

trial in this case, and, having failed to do so, they were thereafter bound by their waiver, and, thus, their belated jury demand must fail. Bankers Life further contends that the filing of the amended complaint did not revive the plaintiffs' right to a jury trial because the amended complaint created no new issues of fact that differed from the original complaint. As such, Bankers Life argues, any issue in the amended complaint that would be amenable to jury determination is governed by Mr. Barron's previous waiver.

In response, the plaintiffs assert that their demand for a jury trial was timely under Rule 38(b)(1) because it was made just one day after they filed an amended complaint in which new factual allegations and causes of action were set forth and in which a new plaintiff was added to the action. The plaintiffs insist that, because the amended complaint raises "new issues," the Rule 38(b) time period was revived and they were permitted to demand a jury trial notwithstanding any previous waiver. The plaintiffs alternatively argue that if the court finds their October 24, 2012 jury demand to be untimely, the court should nonetheless allow the case to be tried by a jury pursuant to the discretion granted to the court by Rule 39(b) of the Federal Rules of Civil Procedure.

## ANALYSIS

In any case in which a party has a right to a trial by jury, a written demand for a jury trial must be made and served upon the other parties "no later than 14 days after the last pleading directed to the issue is served." FED.R.CIV.P. 38(b)(1). A party's failure to demand a jury trial within the prescribed time period results in a waiver of the party's right to a jury trial. FED.R.CIV.P. 38(d). Bankers Life filed the last pleading directed to any triable issues contained in the original complaint on October 1, 2012, when Bankers Life filed its answer to the original complaint. The plaintiffs did not file a jury demand until October 24, 2012. Thus, the plaintiffs waived their right to a jury trial by failing to serve their demand within the fourteen-day period prescribed by Rule 38(b).

■ While the filing of an amended complaint may, in some cases, retrigger and revive the Rule 38(b) time period, "the fact that an amended complaint was later filed is of no consequence when no new issues or facts are introduced." *Irvin v. Airco Carbide,* 837 F.2d 724, 727 (6th Cir.1987) (citations omitted). Although the Sixth Circuit itself has not explicitly defined what sort of "new issue" suffices to retrigger Rule 38's fourteen-day time period, case law cited by the *Irvin* court is instructive. In *Guajardo v. Estelle,* the Fifth Circuit explained that an "issue" producing a right to trial by jury within the meaning of Rule 38(b) is necessarily an issue of fact, not a theory of recovery. 580 F.2d 748, 753 (5th Cir.1978), *abrogated on other grounds by Thornburgh v. Abbott,* 490 U.S. 401, 423–24, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); *accord Trixler Brokerage Co. v. Ralston Purina Co.,* 505 F.2d 1045, 1050 (9th Cir.1974)("When read in context, the word issue must have been intended by the Supreme Court to mean nothing other than an issue of fact."). Similarly, in another case cited by the *Irvin* court, the Ninth Circuit stated that "the presentation of a new [t]heory does not constitute the presentation of a new issue on which a jury trial should be granted (as of right) under [Rule 38(b) ]." *Las Vegas Sun, Inc. v. Summa Corp.,* 610 F.2d 614, 620 (9th Cir.1979)(emphasis in original); *see also Trixler,* 505 F.2d at 1050 ("[T]he use of the word issue, in these circumstances, would imply the exclusion of the word theory.").

■ Thus, the filing of the plaintiffs' amended complaint did not retrigger Rule 38(b) simply by setting forth two additional theories of recovery; instead, the amended complaint must have raised new issues of fact different from those presented in the original complaint. The plaintiffs insist that their amended complaint includes new factual allegations addressing: (1) Mr. Barron's timely payment of premiums; (2) the positive cash value of the policy at the time of termination; and (3) "the terms in which the policy was to

remain in effect upon payment of policy premiums." (*See* Pls.' Resp. Opp'n to Def.'s Mot. Strike, D.E. 16 at 3.) [1]

■ The court is not persuaded, however, that each of the added factual allegations creates a *new* issue of fact. Mr. Barron had already alleged in his original complaint that he timely paid his premiums. (*See Compl.,* D.E. 1–1 ¶ 14 ("Plaintiff has timely paid all required premiums since the Policy's inception …")). As to the "terms in which the policy was to remain in effect upon payment of policy premiums," the plaintiffs cite to Paragraph 50 of the amended complaint, which reads, "In consideration for Plaintiffs' premiums, Defendant was to continuously provide coverage to Mr. Barron so long as the Policy's indebtedness did not exceed its cash value and all premiums were paid." (Amend. Compl., D.E. 11 ¶ 50.) Paragraph 50 is, in the court's view, merely a restatement or inversion of the policy's "Termination" provision, which provision was quoted in its entirety in Mr. Barron's original complaint. (*See Compl.,* D.E. 1–1 ¶ 11.) At the very least, Paragraph 50 of the amended complaint "turn[s] on the same matrix of facts" as the Termination provision. *See Las Vegas Sun,* 610 F.2d at 620.

Finally, that the policy had a positive cash value is arguably just another way of stating what the original complaint already alleged: that the policy's total indebtedness never exceeded its cash value. (*See Compl.,* D.E. 1–1 ¶ 15.) However, the court does discern some distinction, albeit slight, on this particular subject between the allegations in the original complaint, *see id.* at ¶ 16 ("The total indebtedness of the Policy has never exceeded the Policy's cash value"), and those in the amended complaint, *see* Amend. Compl., D.E. 11 ¶ 20 ("The Policy had a positive Cash Value as of August, 2011."). As such, the court finds that the amended complaint does state a new issue of fact concerning the policy's cash value upon termination. The plaintiffs timely made a jury demand as to

---

1. The plaintiffs also argue that Bankers Life's answer, filed October 1, 2012, raised new issues, prompting them to file their amended complaint and to assert a jury demand. However, even if the court were to assume for the sake of argument that the answer raised "new issues" within the meaning of Rule 38(b), the plaintiffs waived any right to a jury trial as to those issues by failing to serve a jury demand within fourteen days of service of the answer.

that issue under Rule 38(b) because the demand was served just two days after the issue was raised for the first time in the amended complaint.

■ The addition of Mrs. Barron as a plaintiff to this action did not provide her with a separate right to a jury trial unaffected by Mr. Barron's prior waiver. "[C]ourts interpreting Rule 38(b) have been fairly consistent in finding that the mere addition of a new party or parties to a suit does not revive the [fourteen-day] jury demand window of Rule 38(b)." *Levias v. Pac. Mar. Ass'n,* No. 08–cv–1610–JPD, 2010 WL 431884, at *5 (W.D.Wash. Jan. 27, 2010)(compiling cases, including *Pennsylvania ex rel. Feiling v. Sincavage,* 439 F.2d 1133, 1134 (3d Cir.1971); *Unidev, LLC v. Hous. Author. of New Orleans,* 250 F.R.D. 268, 272 (E.D.La.2008); *Jones v. Boyd,* 161 F.R.D. 48, 49 (E.D.Va. 1995)). The interests of Mr. and Mrs. Barron appear to be entirely aligned, and Mrs. Barron's claims rely on the exact same facts as Mr. Barron's. *Cf. Levias,* 2010 WL 431884, at *5 (finding that the addition of a new plaintiff did not revive an untimely jury demand because the addition of the new plaintiff did not alter the underlying "matrix of facts," and there were no "divergent interests" between the new plaintiff and the original plaintiff).

Therefore, the only aspect of the amended complaint that revived the fourteen-day window for demanding a jury trial is the factual allegation concerning the policy's positive cash value. Accordingly, all issues, excepting the policy's cash value upon termination, remain subject to the previous waiver, and the plaintiffs are entitled to trial by jury under Rule 38(b) only with respect to the issue of whether the policy had a positive cash value at the time of termination.

■ Notwithstanding the plaintiffs' waiver under Rule 38(b), the court has broad discretion under Rule 39(b), on motion, to allow a jury trial as to *all* issues for which a jury might have been demanded.[2] FED.R.CIV.P. 39(b); *Kitchen v. Chippewa Valley Schs.,* 825 F.2d 1004, 1013 (6th Cir. 1987). "[T]he court's discretion should be exercised in favor of granting a jury trial in the absence of strong and compelling reasons to the contrary." *Kitchen,* 825 F.2d at 1013 (citations omitted). Although courts have employed various factors in exercising the discretion granted to them under Rule 39(b), the Sixth Circuit has found that a "failure [by the party opposing trial by jury] to show discernable prejudice" is alone sufficient to justify granting a late demand for a jury trial in an exercise of Rule 39(b) discretion. *Id.;* *see also Moody v. Pepsi–Cola Metro. Bottling, Co.,* 915 F.2d 201, 207 (6th Cir.1990)(noting that "in *Kitchen* it was necessary to discuss only one [factor]; namely, prejudice to the nonmovant"). In upholding the district court's grant of a jury trial in *Kitchen,* the Sixth Circuit considered Rule 39(b)'s broad grant of discretion as well as the Seventh Amendment-secured fundamental right to a jury trial. *Kitchen,* 825 F.2d at 1013.

Here, Bankers Life "neither contends that it would suffer prejudice if the [c]ourt ordered a jury trial, nor claims that it would have prepared its case differently." *See Orlowski v. TRW, Inc.,* 765 F.Supp. 1277, 1279 (E.D.Mich.1991)(finding no "strong and compelling reasons" to deny the plaintiff a jury trial under Rule 39(b)). Instead, it appears that Bankers Life actually anticipated as early as October 1, 2012, that this case might be tried by a jury: among the defenses asserted by Bankers Life in its answer to the original complaint was that "[t]he United States Con-

---

2. In its reply, Bankers Life argues that the plaintiffs cannot rely on Rule 39(b) as a basis for permitting a jury trial because a court may grant Rule 39(b) relief only "on motion," and the plaintiffs have filed no such motion. (Def.'s Reply to Pls.' Resp. Opp'n to Mot. Strike, D.E. 18–1 at 4.) The court will treat the plaintiffs' October 24, 2012 jury demand as a Rule 39(b) motion for a jury trial. *See Pro2Serve Prof. Project Servs., Inc. v. BWXT Y–12, LLC,* No. 3:07–CV–336, 2009 WL 1636256, at *7 (E.D.Tenn. June 11, 2009)(treating the plaintiff's motion to amend complaint as a Rule 39(b) motion to the extent it sought a jury trial for claims "that [fell] outside the scope of [Rule 38(b)]"); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2334 (3d ed. 1987) ("[I]n order to invoke the court's discretion under [Rule 39(b)], a party who has waived a jury trial by failing to make a timely demand must file a motion, *or some similar manifestation of that party's desire to have a jury trial.*")(emphasis added).

stitution does not establish a right to jury trial for punitive damages." (Answer to Compl., D.E. 9 at 14.) The court would be well within its discretion in denying the motion to strike, and granting a jury trial, here, on the lack of prejudice alone. *See id.; Game On Ventures, Inc. v. Gen. RV Ctr., Inc.*, No. 08–12052, 2009 WL 311116, at *2 (E.D.Mich. Feb. 9, 2009)(considering the "totality of the circumstances" and allowing case to be tried by jury because the party opposing trial by jury would not be prejudiced).

The lack of prejudice is but one consideration that favors granting the plaintiffs a jury trial in this case. The Sixth Circuit has recognized that policy considerations may warrant exercising Rule 39(b) discretion in favor of "a party who failed to file a timely jury demand" where that party "has been hailed [sic] into federal court against his will." *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 n. 8 (6th Cir.1986). It was the decision of Bankers Life, not the plaintiffs, to have the case tried in federal court. Furthermore, courts routinely grant Rule 39(b) motions for trial by jury where the request is made at a relatively early stage of the proceeding. *See, e.g., Orlowski*, 765 F.Supp. at 1279 (granting the plaintiff a jury trial under Rule 39(b) in part because the plaintiff's jury demand was less than a month late and there remained at least ten months before the scheduled trial date); *Pro2Serve Prof'l Project Servs., Inc. v. BWXT Y–12, LLC*, No. 3:07–CV–336, 2009 WL 1636256, at *7 (E.D.Tenn. June 11, 2009)(determining that, because the plaintiff made its jury demand nearly eleven months before the scheduled trial date, the defendant "has been provided with sufficient opportunity to adjust its preparations for trial"); *McDonough v. Memphis Radiological Prof'l Corp.*, No. 04–2697, 2008 WL 4560674 (W.D.Tenn. Oct. 8, 2008)(granting the plaintiff's Rule 39(b) motion for jury trial where the parties had not yet engaged in discovery, the deadline for completion of discovery was five months away, and the trial was an entire year away). Here, the demand was barely one week late, the parties have yet to engage in any discovery, the deadline for completion of discovery is almost eight months away, and there is not yet a scheduled trial date. Bankers Life has ample time to prepare for a jury case.

Bankers Life offers only one basis for its argument that the court should deny the plaintiffs' Rule 39(b) motion: that the plaintiffs' failure to timely demand a jury trial was, at best, the result of mere inadvertence, and, at worst, the result of their deliberate choice. There is no hard-and-fast rule or dictate, however, commanding the court to refuse the plaintiffs a jury trial solely on the basis of inexcusable delay. As one court has noted in dismissing the argument of the defendant that the plaintiff had failed to "give good reasons for excusing his waiver," "technical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules." *Orlowski*, 765 F.Supp. at 1279 (citations omitted).

There are no strong or compelling reasons to deny the plaintiffs' motion for a jury trial. The plaintiffs, having been haled into federal court against their will, made the request for a jury trial at an early stage of the proceeding, there is no suggestion that granting the motion would cause prejudice to Bankers Life or interference with the court's schedule, and there is at least some indication that the plaintiffs' desire to have the case tried by a jury was known to Bankers Life before the demand was actually made. Accordingly, Bankers Life's motion to strike the plaintiffs' jury demand is denied, and the plaintiff's motion for a jury trial on all issues is granted.